**Attachment 2**

**Statement of Claim**

1.  It has recently become apparent to the plaintiff, that over the past several years, Mary Elizabeth Solomon Crane, the plaintiff's sister, has made numerous false statements to family members and law enforcement agencies in order to (1) destroy the plaintiff's reputation, (2) sever his familial ties, (3) trigger catastrophic loss, and (4) initiate legal problems for the plaintiff.

2.  The plaintiff's last conversation with the defendant over the phone was in 2004 and he has not had any personal, face-to-face contact with the defendant for nearly two decades.[2]

3.  The defendant has absolutely no knowledge of the plaintiff's life or activities, yet she comprehensively fabricated and relayed defamatory disinformation to family members and law enforcement personnel with a high degree of calculation and malice.

4.  The slander and libel appears to have included accusations of crimes of moral turpitude, pedophilia, and homosexuality.

5.  Ms. Solomon Crane has acted as the primary conduit or vehicle for disinformation between the plaintiff's mother, his mother's attorney, family members and law enforcement personnel, over a period of several years.

6.  This disinformation, replete with false accusations of terrible crimes and deviant behavior, was used by Ms. Solomon Crane to destroy the plaintiff's reputation, to isolate him from his family, to trigger the loss of personal property, to ultimately have him removed from his grandmother's will,[3] and to create issues for the plaintiff with federal and state law enforcement agencies.

---

[2] The plaintiff received one or two e-mails from his sister (2014) in which she refused to acknowledge or address the problems, which she had created for the plaintiff with his mother and grandmother.

[3] The attorney who attended to the estate planning for the plaintiff's grandmother, Jamye L. Lindsey, has been under investigation by the Third Judicial Department of New York, Attorney Grievance Committee since 2016, for undue influence of an elder (the plaintiff's grandmother). The complaint was registered with the committee on July 1, 2016, and as of January 2017, the investigation was still ongoing.

7. The plaintiff stored his personal possessions, art and antiques at his grandmother's house between February and March 2013, before returning to Africa to complete research for his second Master's degree and Doctoral dissertation. The plaintiff's grandmother told the plaintiff in early 2013, that he could keep his art and antique collection in her home[4] for "as long as needed."

8. Subsequently, the plaintiff's sister contacted the plaintiff's mother, made false accusations, and relayed disinformation to her, as previously referenced in paragraph 4.[5]

9. Based on the false belief her son was involved in abhorrent crimes of moral turpitude, the plaintiff's mother, Mary Louise Solomon Laidley, disowned the plaintiff, (her son), refused to take any phone calls from him, and then removed all of his worldly possessions from his grandmother's house while he was in Africa.

10. Consequently, as a result of the defendant's actions and behavior, the plaintiff lost control of his possessions;[6] he was removed from his grandmother's will, he was refused any contact with his infirm grandmother, and arrangements were made to have the plaintiff arrested should he attempt to seek out his possessions or grandmother in Owego, New York.[7]

11. The defendant's false accusations have also served to augment the targeting, harassment and disruption of the plaintiff by federal law enforcement agency personnel, their proxies, and private investigators, as detailed in Case No. 1:16-cv-01608, *di Montenegro v. National Security Agency et al.*

12. Regardless of the involvement of the federal defendants referenced in Case No. 1:16-cv-01608, in disseminating disinformation regarding the plaintiff, Ms. Solomon Crane has very enthusiastically acted in an individual capacity and of her

---

[4] Address: 3 Manchester Boulevard, Owego, New York 13827.

[5] Some of the false accusations made by the defendant are so bizarre and disturbing that the plaintiff will refrain from including references to them within this document. At least one individual who has had contact with federal law enforcement personnel, commented that Ms. Solomon Crane had been communicating with law enforcement agencies and had filed reports and/or complaints against the plaintiff on several occasions. The plaintiff is presently waiting for responses to his FOIPA requests and evidence learned during the discovery process before commencing litigation for damages.

[6] The plaintiff lost an art and antiques collection with valuable life-size statues from Thailand and Burma, paintings and carvings from a now-deceased Haitian master artist, an antique Yoruban Divination Bowl from Nigeria, a coin collection, a stamp collection, a baseball card collection, family heirlooms, carved teak furniture, paintings, antique bronzes and other collectibles.

[7] Address referenced in footnote 6.

own volition, to purposely engage in activities, which have resulted in extensive damage and loss to the plaintiff, as described in paragraph 10.

13. The issues created by the defendant for the plaintiff continue to this day and have hampered his ability to travel abroad, move freely and seek employment commensurate with his education.

14. Even one of the false claims made by the defendant is sufficient to preclude an applicant from receiving a security clearance with the U.S. government or its contractors,[8] in addition to triggering instant scrutiny from law enforcement agencies.

15. Ms. Solomon Crane did not simply make a solitary false statement; she accused the plaintiff of different criminal activities, to multiple law enforcement agencies, on different occasions, over an extended period of time, in a calculative manner, geared to assure the total destruction of the plaintiff's reputation, family ties, assets and quality of life.

16. As the plaintiff has summarized, on an inter-familial level, the defendant has acted as the primary 'disinformation broker;' she has engaged in the afore-referenced activities wilfully, with great malice and the evident intent to induce mental anguish and suffering in the plaintiff.

---

[8] A security clearance is usually needed in the plaintiff's line of work as a security analyst.