## Attachment 3

### Relief

1. While the plaintiff is indeed worried about receiving restitution for damages, he is presently more concerned with expediently restoring his reputation to *status quo ante*.

2. In this case, in order to "make the plaintiff whole" again, the defendant need retract all of her false statements to law enforcement agencies, law enforcement personnel, and family members of the plaintiff.

### Request(s) for Specific Performance

3. Before damages are discussed, the plaintiff humbly requests the court demand the defendant take the following actions:

> A. The defendant be ordered to preserve all communications with law enforcement agencies, their personnel, family members, or any other parties to whom she conveyed disinformation or information regarding the plaintiff, especially with respect to her activities as detailed within the Statement of Claim.
>
> B. The defendant be ordered to make a list of all of the plaintiff's family members, relatives, friends, peers, law enforcement agencies or law enforcement personnel she has communicated with, in any fashion,[9] with regard to the plaintiff and with respect to her activities as detailed within the Statement of Claim.
>
> C. The defendant be ordered to provide copies of all communications with family members, law enforcement agencies, their personnel in addition to any other third parties, which reference the plaintiff or his personal property in any fashion, or describe activities, incidents, statements, or any other allegations as detailed within the Statement of Claim.
>
> D. The defendant be ordered to help the plaintiff locate and recuperate all of the plaintiff's personal property, which was stored at his grandmother's house.

---

[9] This includes but is not limited to written or oral statements, interviews, complaints, handwritten (or typed) instruments, on-line submissions, and phone conversations.

E. The defendant be ordered to immediately write letters retracting her false statements, to be examined by the plaintiff and court, before their submission to all third parties, to which the disinformation and false accusations were conveyed by the defendant.

F. The defendant be ordered to identify all of the sources[10] of all accusations, misinformation, disinformation, personal information, or personally identifiable information, which targeted, is attributed to, or references the plaintiff.

G. The defendant be ordered to immediately cease and desist filing false reports and making false accusations to law enforcement agencies and/or personnel.

H. The defendant be ordered to immediately cease and desist making false statements - defamation per se - to family members and/or any other third parties.

I. The defendant be ordered to pay all court costs, and reasonable attorney's fees.[11]

---

[10] Including but not limited to any or all of the following entities or individuals: FBI or DHS personnel, Joint Terrorism Task Force (JTTF) personnel InfraGard personnel, private detectives, private investigators, contractors, sub-contractors, the defendant's father Stephen S. Solomon, her stepmother, Wendy "McBride" Solomon, her mother "Mary Louise Solomon Laidley," or attorney Jamye L. Lindsey of Vestal, New York.

[11] As previously stated in Attachment 1, damages will be determined subsequent to discovery and FOIPA Request responses.